UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CONOPCO, INC. d/b/a UNILEVER SEEDS,

          Plaintiff,

   -against-

INTERSEMILLAS, S.A.,

          Defendant.

------------------------------------------------------------X

Case No.: 07 CIV 7229

**COMPLAINT**

Plaintiff Conopco, Inc. d/b/a Unilever Seeds ("Unilever"), through its counsel Greenberg Traurig, LLP, states and alleges as follows:

### Nature of the Action

1.    This action is brought by Unilever to recover at least $323,495.21 -- plus interest, attorneys' fees and costs -- as a result of the breach by Intersemillas, S.A. ("Intersemillas") of a settlement agreement between the parties, dated February 22, 2007 (the "Settlement Agreement"), a copy of which is attached as Exhibit A.

2.    The parties entered into the Settlement Agreement to resolve Unilever and Intersemillas's claims arising out of a prior contract for the sale of tomato seeds (the "Seeds Agreement"). Specifically, the Settlement Agreement resolved and settled Unilever's claims against Intersemillas for nonpayment of invoices with respect to various seed deliveries, and Intersemillas's claims against Unilever for compensation arising out of the sale of Unilever's commercial seeds business. Under the Settlement Agreement, the parties terminated the Seeds Agreement.

3.    Despite repeated demands that Intersemillas pay the full amount due and owing under the Settlement Agreement, and despite repeated assurances from Intersemillas that it would honor the agreement, Intersemillas breached the Settlement

Agreement by paying Unilever only $377,468.79 out of the $400,964 that was due "no later than February 22, 2007." Ex. A, at ¶ 1.

4. Intersemillas further breached the Settlement Agreement by failing to pay Unilever $300,000 "no later than July 31, 2007" for 1,200 units of additional seed varieties, which were to be delivered by Unilever after receipt of the purchase price. Ex. A, at ¶ 2.

5. Accordingly, Unilever now seeks an award of damages against Intersemillas for breach of the Settlement Agreement, plus interest, attorneys' fees, and costs.

## The Parties

6. Plaintiff Conopco, Inc. d/b/a Unilever Seeds is a New York corporation with its principal place of business located at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632-3113.

7. Defendant Intersemillas, S.A. is a Spanish corporation with an office located at Partida de la Tanca s/n 46930 Quart de Poblet, Valencia, Spain.

## Jurisdiction and Venue

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the plaintiff and the defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this Court by express agreement of the parties. The Settlement Agreement provides, in relevant part, "that any legal action, suit or proceeding . . . arising out of, relating to or in connection with . . . disputes relating [to the

agreement] may be brought only in United States District Court for the Southern District of New York . . . ." Ex. A, at ¶ 6(b).

## Background

### Net Payment

10. Under Paragraph 1 of the Settlement Agreement, Intersemillas agreed to pay Unilever, by wire transfer, $400,964 "no later than February 22, 2007" (the "Net Payment") in exchange for the settlement of "Unilever's claim for unpaid invoices with respect to seed delivered prior to [February 22, 2007], and Intersemillas's claim for compensation arising out of the sale of Unilever's commercial seeds business to Nunhems USA, Inc., the early termination of the [prior] Seeds Agreement and reimbursement for certain activities under the Seeds Agreement . . . ." Ex. A, at ¶ 1.

11. On February 20, 2007, Intersemillas informed Unilever that it had signed the Settlement Agreement; that "[e]verything is fine and it has been accepted;" that Intersemillas was collecting the money to make the Net Payment; and that it would, in fact, make the payment that week.

12. On February 22, 2007, Unilever confirmed with Intersemillas that the Settlement Agreement was in effect. Intersemillas, however, did not make the Net Payment, as it was required to do, by February 22, 2007. Unilever, in turn, emailed Intersemillas on February 25, March 1, and March 6, 2007, inquiring about the status of the overdue payment.

13. On March 5, 2007, Unilever received a $50,000 wire transfer from Intersemillas.

14. By email dated March 7, 2007, Intersemillas notified Unilever that it was in the process of sending an additional $50,000, with the balance to be remitted the following week.

15. As of March 24, 2007, Unilever had not yet received any additional payments from Intersemillas. Accordingly, Unilever emailed Intersemillas that day demanding payment of the balance of the Net Payment, and notified Intersemillas that it was reserving all of its rights and remedies against Intersemillas arising out of its default under the Settlement Agreement.

16. On March 26, 2007, Unilever confirmed the receipt of an additional $50,000 from Intersemillas -- thereby totaling $100,000 -- and on March 28, 2007, emailed Intersemillas once again demanding that the Net Payment be paid in full.

17. By email dated April 27, 2007, Unilever informed Intersemillas that it had not received the balance of the Net Payment; that this was an unexcused breach of the Settlement Agreement; and that Unilever was entitled to interest on the outstanding balance at the rate of 9% per year accruing from February 22, 2007.

18. By email dated July 16, 2007, Unilever informed Intersemillas that it would take legal action to enforce the Settlement Agreement if it did not receive the full Net Payment, with interest, by July 31, 2007.

19. On July 25, 2007, Unilever received an additional $277,468.79 from Intersemillas, thereby totaling $377,468.79.

20. By email dated July 31, 2007, Intersemillas informed Unilever it had "already paid the pending amount," and that it was "sorry for the delay in the terms." In

fact, as of that date, Intersemillas had not paid $23,495.21 of the Net Payment plus accrued interest.

21. By email dated August 1, 2007, Unilever informed Intersemillas that it had not yet received the full balance of the Net Payment; and that Unilever was entitled to the accrued interest as well as interest, through the date of payment, on the outstanding balance. Unilever further informed Intersemillas that it would take legal action to enforce the Settlement Agreement if it did not receive the full Net Payment, with interest, by August 10, 2007.

22. In breach of Paragraph 1 of the Settlement Agreement, Intersemillas has failed to remit the balance of the Net Payment to Unilever.

**Seeds Purchase Payment**

23. Paragraph 2 of the Settlement Agreement required Intersemillas to purchase 1,000 units of La Malva and 200 units of La Malva 2 seed varieties for a total purchase price of $300,000 (the "Seeds Purchase Payment"). Intersemillas was required to pay, by wire transfer, the Seeds Purchase Payment "no later than July 31, 2007," and Unilever was required to deliver the seeds as soon as practical after it received full payment. Ex. A, at ¶ 2.

24. The seeds necessary to fulfill Unilever's contractual obligation to Intersemillas are being obtained from a third party who has agreed to sell the seeds to Unilever.

25. By email dated July 16, 2007, Unilever informed Intersemillas that it would take legal action if Intersemillas did not make the Seeds Purchase Payment by July 31st as required by the Settlement Agreement.

26. By email dated July 31, 2007, Intersemillas informed Unilever that it was ready to open a letter of credit "for the whole amount of tomato seeds that you have in stock."

27. By email dated August 1, 2007, Unilever informed Intersemillas that the Settlement Agreement required prepayment of $300,000 no later than July 31st, and that the proposed letter of credit was not agreed to as part of the Settlement Agreement. Unilever further informed Intersemillas that it would take legal action to enforce the Settlement Agreement if it did not receive the Seeds Purchase Payment, with interest, by August 10, 2007.

28. In breach of Paragraph 2 of the Settlement Agreement, Intersemillas has failed to make the Seeds Purchase Payment to Unilever.

29. The circumstances reasonably indicate that Unilever will be unable after reasonable effort to sell the seeds identified in the Settlement Agreement at a reasonable price. The two seed varieties at issue were specifically targeted to a particular buyer -- Intersemillas -- for a particular region of Spain, and are not otherwise marketable. Further, Unilever sold its commercial seeds business, something which was not only known by Intersemillas but was an integral part of the Settlement Agreement: the Net Payment expressly encompassed Intersemillas's claims for compensation arising out of the sale of Unilever's commercial seeds business.

30. Moreover, Unilever has suffered incidental damages as a result of Intersemillas's failure to purchase the seeds, as required by the Settlement Agreement.

## FIRST CLAIM
## BREACH OF CONTRACT:
## NET PAYMENT PROVISION

31. Unilever repeats and realleges paragraphs 1 through 30 of its Complaint as if fully set forth herein.

32. The Settlement Agreement constitutes a valid, binding contract between Unilever and Intersemillas.

33. Under Paragraph 1 of the Settlement Agreement, Intersemillas was obligated to remit the Net Payment to Unilever in the amount of $400,964 no later than February 22, 2007.

34. Defendant breached the Settlement Agreement by paying only $377,468.79 out of the Net Payment, although full payment was duly demanded.

35. Unilever has satisfied all necessary conditions and fully performed all of its obligations set forth in the Settlement Agreement to entitle Unilever to payment of the full Net Payment.

36. As a result of Defendant's breach, Unilever has suffered damages in the amount of at least $23,495.21 plus interest.

## SECOND CLAIM
## BREACH OF CONTRACT:
## ACTION FOR THE PRICE UNDER N.Y.U.C.C. § 2-709

37. Unilever repeats and realleges paragraphs 1 through 30 of its Complaint as if fully set forth herein.

38. The Settlement Agreement constitutes a valid, binding contract between Unilever and Intersemillas.

7

39.     Under Paragraph 2 of the Settlement Agreement, Intersemillas was obligated to purchase 1,000 units of La Malva and 200 units of La Malva 2 seed varieties and make the Seeds Purchase Payment of $300,000, by wire transfer, "no later than July 31, 2007." This transaction is a sale of goods governed by Article 2 of the New York Uniform Commercial Code.

40.     The seeds necessary to fulfill Unilever's contractual obligation to Intersemillas are being obtained from a third party who has agreed to sell the seeds to Unilever.

41.     Intersemillas breached the Settlement Agreement by failing to make the Seeds Purchase Payment by July 31, 2007, although duly demanded.

42.     The circumstances reasonably indicate that Unilever will be unable after reasonable effort to sell the seeds identified in the Settlement Agreement at a reasonable price.

43.     Unilever has satisfied all necessary conditions and fully performed all of its obligations set forth in the Settlement Agreement to entitle Unilever to payment of the Seeds Purchase Payment.

44.     As a result of Intersemillas's breach of Paragraph 2 of the Settlement Agreement, Unilever is entitled, under N.Y.U.C.C. § 2-709, to recover $300,000 -- the price of the seeds identified in the Settlement Agreement -- plus incidental damages in an amount to be determined and interest.

8

## PRAYER FOR RELIEF

WHEREFORE, Unilever demands judgment against Intersemillas as follows:

1) awarding Unilever the $23,495.21 balance owed on the Net Payment pursuant to the Settlement Agreement;

2) awarding Unilever $300,000 for failure to make the Seeds Purchase Payment pursuant to the Settlement Agreement;

3) awarding Unilever incidental damages in an amount to be determined;

4) awarding Unilever pre and post-judgment interest;

5) awarding Unilever its reasonable attorneys' fees, costs and expenses incurred in this action; and

6) granting Unilever such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 14, 2007

**GREENBERG TRAURIG, LLP**

By: _____
William C. Silverman (WS 6755)
200 Park Avenue
New York, New York 10166
Tel. (212) 801-9200
Fax (212) 224-6150
*Attorneys for Plaintiff*
*Conopco, Inc. d/b/a Unilever Seeds*

Exhibit A

SETTLEMENT AGREEMENT

This Settlement Agreement (this "Settlement Agreement"), is made and entered into as of February 22nd, 2007 (the "Effective Date") between Intersemillas S.A. ("Intersemillas") and Conopco, Inc. d/b/a Unilever Seeds ("Unilever").

WHEREAS, Intersemillas and Unilever are parties to that certain "Unilever Seeds" Agreement, effective as of January 1, 2003 (the "Seeds Agreement");

WHEREAS, Unilever has demanded payment of unpaid invoices for a total amount of US$824,950, plus interest; and to date Intersemillas has paid US$94,952 against such invoices, leaving a balance of US$729,998;

WHEREAS, in connection with Unilever's sale of its commercial seed business to Nunhems USA, Inc., Intersemillas has demanded compensation as well as reimbursement for certain activities under the Seeds Agreement, including reimbursement for variety registration fees totaling US$4,084 paid by Intersemillas;

WHEREAS, the parties wish to resolve and settle Unilever's claims for payment default by Intersemillas and Intersemillas's claims for compensation from Unilever and terminate the Seeds Agreement on amicable terms.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, each of the parties hereto agree as follows:

1. <u>Settlement of Claims</u>. In order to finally settle Unilever's claim for unpaid invoices with respect to seed delivered prior to the date of this Settlement Agreement (the "Unpaid Invoices"), plus interest, and Intersemillas's claim for compensation arising out of the sale of Unilever's commercial seeds business to Nunhems USA, Inc., the early termination of the Seeds Agreement and reimbursement for certain activities under the Seeds Agreement, the parties agree that both claims will be settled, in their entirety, for a single net payment by Intersemillas to Unilever of US$400,964 (the "Net Payment"). The Net Payment, in US currency, shall be paid by Intersemillas, by wire transfer of immediately available funds, no later than February 22nd, 2007, in accordance with the attached wire transfer instructions.

2. <u>Additional Seed Purchase</u>. Unilever agrees to sell, and Intersemillas agrees to buy, 1000 units of La Malva and 200 units of La Malva 2 seed varieties, at a per unit price of US$250, for a total purchase price of US$300,000 (the "Seeds Purchase Payment"). The seeds shall meet the quality parameters previously used by the parties. Intersemillas shall prepay the Seeds Purchase Payment to Unilever no later than July 31, 2007, in accordance with the

attached wire instructions. The seeds will be delivered as soon as practical after receipt by Unilever of the full amount of the Seeds Purchase Payment, following completion of processing and packaging in the ordinary course.

3. Continuation of Intersemillas's Exclusivity Rights.

   a. The Seeds Agreement shall be deemed terminated, without renewal, effective as of the date of this Settlement Agreement; provided however that Intersemillas's exclusive license rights under Section 2 of the Seeds Agreement with respect to Spain, Portugal and Greece shall survive through the 2007 seed season ending September 30, 2007 (the "Exclusivity Period"). Unilever shall cause Numhems USA, Inc. and its affiliates to not violate Intersemillas's exclusive license rights with respect to Spain, Portugal and Greece through the Exclusivity Period.

   b. After the expiration of the Exclusivity Period, Unilever will not bring any claim or suit to prevent the sale by Intersemillas in Spain, Portugal and Greece of Intersemillas's inventory of seed stock purchased from Unilever; provided however, Unilever's permission is subject to whatever rights Nunhems USA, Inc. and its affiliates may have under applicable law as the successor in interest to Unilever's commercial tomato seed business.

4. Release.

   a. <u>By Unilever</u>:  Except for Intersemillas' obligations set forth in this Settlement Agreement or breach by Intersemillas of its continuing license pursuant to paragraph 3 above, Unilever, on its own behalf and on behalf of its affiliates (including all direct and indirect subsidiaries of Unilever NV, Unilever PLC or both of them together), and the directors, officers, employees, representatives, agents of each of them (collectively, the "Unilever Group") hereby discharges and releases Intersemillas and its affiliates, and the directors, officers, employees, representatives and agents of each of them (collectively, the "Intersemillas Group"), of and from any and all claims, actions, suits, demands, judgments, debts, claims for reimbursement, liabilities or damages, which against the Intersemillas Group, the Unilever Group ever had, has, or may in the future have, relating to the Unpaid Invoices or Intersemillas's performance under the Seeds Agreement.

   b. <u>By Intersemillas:</u>  Except for Unilever's obligations set forth in this Settlement Agreement or breach by Unilever of Intersemillas' continuing license pursuant to paragraph 3 above, the Intersemillas Group hereby discharges and releases the Unilever Group of and from any and all claims, actions, suits, demands, judgments, debts, claims for reimbursement, liabilities or damages, which against the Unilever Group,

97644.02 1/30/07

the Intersemillas Group ever had, has, or may in the future have, whether currently known or unknown, arising under the Seeds Agreement or for compensation or other reimbursement arising from the expiration or early termination of the Seeds Agreement and exclusive license rights therein, the sale of Unilever's commercial seed business to Nunhems USA, Inc., for any matter relating to Intersemillas's activities under the Seeds Agreement.

    c. <u>Failure to Make Payment</u>. If Intersemillas fails to make either the Net Payment or the Seeds Purchase Payment by the applicable due date, (i) the discharge and release in paragraph 4(a) shall be voided and of no force and effect and (ii) the Exclusivity Period shall terminate as of the date of such payment default.

5. <u>Effective Date.</u> This Settlement Agreement is effective as of the Effective Date, as defined above.

6. <u>Miscellaneous.</u>

    (a) <u>Entire Agreement; Amendment; Waiver</u>. This Settlement Agreement constitutes the entire understanding between the parties with respect to the subject matter hereof and supersedes all other understandings and negotiations with respect thereto. This Settlement Agreement may be amended only by a writing manually signed by both parties hereto. Any provision of this Settlement Agreement may be waived only by a writing manually signed by the party to be charged by such waiver. No course of dealing between the parties shall be effective to amend or waive any provision of this Settlement Agreement

    (b) <u>Governing Law; Jurisdiction; Waiver of Jury Trial</u>. This Settlement Agreement and any claim or dispute arising out of, relating to or in connection with this Settlement Agreement or the transactions contemplated hereby, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York without giving effect to its conflicts of law principles (other than Section 5-1401 of the General Obligations Law). Each party irrevocably consents and agrees that any legal action, suit or proceeding against either of them arising out of, relating to or in connection with the transaction contemplated hereby or disputes relating hereto may be brought only in United States District Court for the Southern District of New York, or if such court does not have jurisdiction, in the courts of the State of New York located in New York County and hereby irrevocably accepts and submits to the exclusive jurisdiction of the aforesaid courts <u>in personam</u>, with respect to any such action, suit or proceeding. Each party waives to the fullest extent permitted by law any right to trial by jury in any action, suit or proceeding brought to enforce, defend or interpret any

rights or remedies arising under, relating to or in connection with this Settlement Agreement.

(c) <u>Counterparts</u>. This Settlement Agreement may be signed in counterparts, each of which taken together shall constitute one and the same instrument.

[Remainder of the page left blank – next page signature page]

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement as of the date first above written.

Conopco, Inc.

By: _____
Name:
Title:

Intersemillas S.A.

By: _____
Name: Santiago Pacos
Title: General

## Wire Transfer Instructions for Payment in US Dollars

| | |
|---|---|
| BANK: | DBTCO Americas, NY, NY, USA |
| ABA NO: | 021001033 |
| ACCOUNT: | Conopco |
| ACCOUNT NO. | 50-054-445 |
| REF: | 13401110 |
| PC: | 364000 |
| SWIFT CODE: | BKTRUS33 |

97644.02 1/30/07

6